### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SHELDON LANGER, RONALD M.          :
YERMACK, LANCE R. GOLDBERG,
individually on behalf of themselves and all      :
others similarly situated,
                                                   :
                            Plaintiffs,         Case No.
                                                   :
      v.
                                                   :
CME GROUP, INC., a Delaware Corporation;
THE BOARD OF TRADE OF THE CITY OF    :
CHICAGO, INC., a Delaware Corporation,

                            Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS' NOTICE OF REMOVAL

        Defendants CME Group, Inc. ("CME") and Board of Trade of the City of Chicago, Inc. ("CBOT"), through their undersigned counsel, hereby file this Notice Of Removal (the "Notice") to remove this action from the Circuit Court for Cook County, Illinois, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

        As grounds for removal, CME and CBOT state as follows:

        1.       On or about January 15, 2014, Plaintiffs Sheldon Langer, Ronald M. Yermack, and Lance R. Goldberg filed the Class Action Complaint attached as Exhibit A in the Circuit Court for Cook County, Illinois, County Department, Chancery Division. Based on the affidavits of service filed with the state court, that complaint and associated summons were served upon CME and CBOT on or about January 21, 2014 (although neither CME nor CBOT have any record of having been served in this action).

2.	Title 28 U.S.C. § 1446 states, inter alia, that "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal" and that "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This Notice Of Removal is filed within thirty days of receipt of the complaint and summons. See also 28 U.S.C. § 1446(b)(2)(B). In addition, CME and CBOT do not have a record of having been served with any process, pleadings, or orders in this action.

3.	Title 28 U.S.C. § 1441 states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Further, 28 U.S.C. § 1453 states: "A class action may be removed to a district court of the United States . . . without regard to whether any defendant is a citizen of the State in which the action is brought."

4.	This Court has original jurisdiction in this case under 28 U.S.C. § 1332(d).

**THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(d)**

5.	Title 28 U.S.C. § 1332(d)(2) states:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which-- (A) any member of a class of plaintiffs is a citizen of a state different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

6.  <u>First</u>, this action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2). "Class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The complaint seeks relief on behalf of a class under 735 Ill. Comp. Stat. 5/2-801 (<u>see</u> compl. ¶¶ 15, 23-31), and that statute by its terms authorizes class actions. <u>See</u> <u>Marshall v. H&R Block Tax Servs., Inc.</u>, 564 F.3d 826, 829 (7th Cir. 2009) ("[T]he Illinois statute that authorizes class actions in Illinois, 735 ILCS 5/2-801 et seq., is similar to Rule 23 [of the Federal Rules of Civil Procedure].").

7.  <u>Second</u>, there are at least one hundred members of the proposed class, as required by 28 U.S.C. § 1332(d)(5)(B) ("Paragraphs (2) through (4) shall not apply to any class action in which-- . . . (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100."). The plaintiffs seek to represent a class that "would consist of all Class B shareholders of CME and all Class B members of CBOT, except clearing Members, ECMs, and directors and officers of CME." (Compl. ¶ 23.) CME's and CBOT's records indicate that there are more than 3,000 distinct persons or entities who are CME Class B shareholders or CBOT Class B members, excluding clearing firms, electronic corporate members ("ECMs"), CME's directors, and members of CME's executive team.[1] (Decl. of Robert Krewer In Connection With Defendants' Notice Of Removal ¶ 5 (filed herewith).)

---

[1] CME and CBOT do not concede that a class may be properly certified in this action, or that any of the requirements of Rule 23 have been met or proven (including Rule 23(a)'s numerosity requirement). Rather, CME and CBOT offer these numbers solely to place certain facts before the Court that are relevant to evaluating whether the number of members of the plaintiff's putative class "is less than 100." 28 U.S.C. § 1332(d)(5)(B).

    8.    <u>Third</u>, there is minimal diversity between the members of the proposed plaintiff class, and CME and CBOT:

    (a)    CME's and CBOT's records indicate that members of the proposed plaintiff class include, among others, Countrywide Securities Corporation, Marubeni America Corporation, Sojitz Corporation of America, The Andersons, Inc., and Zen-Noh Grain Corporation (<u>id</u>.):

    (i)    Countrywide Securities Corporation is a citizen of California and North Carolina: it is incorporated in California, and its principal place of business is in North Carolina. 28 U.S.C. § 1332(c)(1); California Secretary of State "Business Entity Detail" for Countrywide Securities Corporation (Exhibit B).

    (ii)    Marubeni America Corporation is a citizen of New York: it is incorporated in New York, and its principal place of business is in New York. 28 U.S.C. § 1332(c)(1); New York State Department of State Division of Corporations "Entity Information" for Marubeni America Corporation (Exhibit C).

    (iii)    Sojitz Corporation of America is a citizen of New York: it is incorporated in New York, and its principal place of business is in New York. 28 U.S.C. § 1332(c)(1); New York State Department of State Division of Corporations "Entity Information" for Sojitz Corporation of America (Exhibit D).

    (iv)    The Andersons, Inc. is a citizen of Ohio: it is incorporated in Ohio, and its principal place of business is in Ohio. 28 U.S.C. § 1332(c)(1); Ohio Secretary of State "Corporation Details" for The Andersons, Inc. (Exhibit E); Compl. ¶ 1, <u>Andersons, Inc. v. Enviro Granulation, LLC</u>, No. 8:13-cv-03004-VMC-MAP (M.D. Fla. filed Nov. 27, 2013) (Exhibit F).

    (v)    Zen-Noh Grain Corporation is a citizen of Louisiana: it is incorporated in Louisiana, and its principal place of business is in Louisiana. 28 U.S.C. § 1332(c)(1); Louisiana Secretary of State "Commercial - Search" for Zen-Noh Grain Corporation (Exhibit G); Notice of Removal ¶ 5, <u>Evans v. Zen-Noh Grain Corp.</u>, No. 3:07-cv-00956-MO (D. Or. filed June 28, 2007) (Exhibit H).

    (b)    CME and CBOT are both citizens of the states of Delaware and Illinois: each is incorporated in Delaware, and each maintains its principal place of business in Illinois. 28 U.S.C. § 1332(c)(1); see also compl. ¶¶ 21-22.

    (c)    Consequently, a member of the proposed plaintiff class is a citizen of a State (California and North Carolina; Louisiana; New York; or Ohio) different from that of the defendants (Delaware and Illinois). See Hart v. FedEx Ground Pkg. Sys. Inc., 457 F.3d 675, 676-77 (7th Cir. 2006) (in case where named plaintiff and defendant were both citizens of Pennsylvania, defendant established minimal diversity based on citizenship of other "members of the plaintiff class").

9.    Fourth, the matter in controversy -- aggregated from all putative class members (see 28 U.S.C. § 1332(d)(6)) -- exceeds $5 million:

    (a)    The complaint seeks, among other things, "damages . . . based on the lost lease revenues, lost profits and diminution in the value of their memberships resulting from Defendants' [alleged] breach of their contractual obligations." (Compl. at 38.)

    (b)    The complaint alleges that the lost lease revenues, lost profits, and diminution in value is collectively "hundreds of millions of dollars."[2] (In other words, at least $200 million. See Kuxhausen v. BMW Fin. Servs. NA, LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (allegation that proposed class was on behalf of "hundreds of affected customers" meant "by definition" a class of at least 200).)

    (c)    Therefore, the matter in controversy exceeds $5 million.[3]

---

[2]    E.g., compl. ¶¶ 92 ("As a result of Defendants' actions, the Class B Plaintiffs have suffered hundreds of millions of dollars in diminished share value and the loss of rental income that they would have received had they been able to offer for lease the full bundle of rights to which they were entitled without having to pay an access fee for the ADC."), 105 ("As a result of these breaches, the Class B Plaintiffs have suffered hundreds of millions of dollars as a result of diminished value of their memberships and the loss of lease revenues that they otherwise would have earned and would continue to earn if they had been allowed to co-locate at the ADC without paying an access fee, and if CME had not diluted the value of Class B memberships and undermined the lease market for Class B memberships by allowing customers to obtain co-located access to the Globex electronic trading platform at the ADC without owning or leasing Class B memberships.").

[3]    CME and CBOT deny that they are liable to the plaintiffs or the putative class, and that the plaintiffs or the putative class is entitled to any damages. Further, CME and CBOT do not

*(cont'd)*

5

10. <u>Fifth</u>, none of the mandatory exceptions to this Court's original jurisdiction under 28 U.S.C. § 1332(d) apply to this action. <u>See, e.g.</u>, <u>Hart</u>, 457 F.3d at 677, 681-82 (in case where complaint alleged that two-thirds of the proposed class were citizens of forum state, affirming district court's order denying plaintiff's motion to remand based on exception for situations where defendants and two-thirds of the proposed class were citizens of forum state, because plaintiff had failed to prove that the exception applied).

## **THIS COURT IS THE PROPER VENUE**

11. Finally, this Court is the proper venue. Title 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Northern District of Illinois, Eastern Division, is the "district and division embracing" Cook County. 28 U.S.C. § 93(a)(1). Therefore, venue properly lies in this Court.

---

*(cont'd from previous page)*
endorse anything herein as representing the plaintiffs' or the putative class's "damages" or as representing a proper "measure of damages," or a proper time period for damages. CME and CBOT offer this data solely to place certain facts before the Court that are relevant to evaluating the amount that the plaintiffs' complaint -- with its broad allegations and broad class definition -- puts "in controversy."

6

| | |
|---|---|
| Dated: February 19, 2014<br>Chicago, Illinois | Respectfully submitted,<br><br> /s/ Albert L. Hogan III |
| Of Counsel: | Albert L. Hogan III<br>Jerrold E. Salzman |
| Matthew M.K. Stein, Esq.<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 573-4800<br>matthew.stein@skadden.com | Marcella L. Lape<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700<br>albert.hogan@skadden.com<br>jerrold.salzman@skadden.com<br>marcella.lape@skadden.com<br><br>Counsel for Defendants<br>CME Group, Inc. and Board of Trade of the<br>City of Chicago, Inc. |

## **CERTIFICATE OF SERVICE**

Albert L. Hogan III, an attorney, hereby certifies that on February 19, 2014, he caused a true and correct copy of the foregoing *Defendants' Notice Of Removal* to be served by hand delivery on counsel at the address listed below:

>Suyash Agrawal
>Jeannie Evans
>AGRAWAL EVANS LLP
>308 West Erie Street, Suite 502
>Chicago, Illinois 60654

Dated: February 19, 2014                     /s/ Albert L. Hogan III
                                                                     Albert L. Hogan III