IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHELDON LANGER, et al.,                    )
                                           )
                        Plaintiffs,        )
                                           )
            v.                             )           No.14 C 1240
                                           )
CME GROUP, INC., et al.,                   )
                                           )
                        Defendants.        )

ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 24]

JAMES F. HOLDERMAN, District Judge

This court lacks subject matter jurisdiction under the Class Action Fairness Act

("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(d), for several reasons.

 I.     "Internal Affairs" Provision

Plaintiffs, who are Class B shareholders of the CME Group and Class B members of the

CBOT, claim "core rights" allegedly granted by the CME Group's and the CBOT's corporate

charters.  CME Group and CBOT deny that the claimed rights exist in their respective charters.

Thus, the parties through their pleadings and arguments have demonstrated the existence of a

dispute regarding the CME Group's and CBOT's corporate governance, which is within the

internal affairs doctrine and among the categories of class actions over which state courts retain

jurisdiction under CAFA.  The internal affairs, the interpretation of the charters, and the

corporate governance of the CME and the CBOT are each integral to the dispute in this case and

require remand.  The further fact that plaintiffs chose to sue both entities in this single suit does

not render the "internal affairs" exception inapplicable.  Remand should be ordered.

II.     Section 1332(d)(9)(C) "Securities" Exception Applies

        CME Group's Class B Shares are each securities, as are CBOT's Class B memberships.

This class action solely involves a single claim that relates to the class members' rights to a

security.  Plaintiffs have made no claims not relating to a security.  The section 1332(d)(9)(C)

exception clearly applies and federal district court jurisdiction does not exist.

III.    Section 1332(d)(4)(B) "Home State" Exception Applies

        Plaintiffs have proven the Illinois residency of more than two-thirds of the individual

class members and of the trustees of the trust class members.  The class is a discrete group of

Class B shareholders and members, and readily identified as comprised of more than two-thirds

Illinois residents.  Dr. Comolli's report and declarations establish the Illinois residency of the

class with a 95% confidence level, which is well above the confidence level approved by the

Seventh Circuit, *see e.g., In re Sprint Nextel Corp.*, 593 F.3d 669, 675-76 (7th Cir. 2010).

        Furthermore, the interests of justice looking at the totality of the circumstances favor this

court declining to exercise federal jurisdiction under section 1332(d)(3) even if less than 66

percent of the class members were Illinois residents.  This is not a case of "national interest" that

warrants denying remand.  Remand is favored under the properly considered factors.

CONCLUSION

        Plaintiffs' Motion to Remand (Dkt. No. 24) is granted.  For the reasons stated above,

pursuant to 28 U.S.C. § 1332(d)(9) and 1453(d), the case is remanded to the Circuit Court of

Cook County, Chancery Division.  Civil Case Terminated.

                                              ENTER:

                                              _James F. Holderman_____
                                              JAMES F. HOLDERMAN
Date:  July 24, 2014                          District Judge, United States District Court